# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FRANCISCO A. SHERMAN,

                Defendant.

Case No. 4:16 CR 00348 GAF

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Jefferson Sessions, United States Attorney General, and Sirena Miller Wissler, Special Attorney to the United States Attorney General, and the defendant, FRANCISCO SHERMAN ("the defendant"), represented by David H. Johnson.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Two of the Indictment now charging the defendant with violations of 18 U.S.C. §§ 371 and 545 and 21 U.S.C. § 331(c) and 333(a)(2), Conspiracy to Violate the Food, Drug, and Cosmetics Act.

By entering into this plea agreement, the defendant admits that he knowingly committed

this offense, and is in fact guilty of this offense.

      **3.**   **Factual Basis for Guilty Plea.**   The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

## Background

John C. VERSTRAETE is a Doctor of Osteopathy, duly licensed by the Missouri Board of Healing Arts under license number 111192, and he was also licensed by the Missouri Bureau of Narcotics and Dangerous Drugs under license number 23088. VERSTRAETE was registered as a practitioner with the Drug Enforcement Administration to prescribe, administer, and dispense controlled substances in Schedules II, IIN, III, IIIN, IV, and V under the provisions of 21 U.S.C. §§ 822 and 823, and 21 C.F.R. part 1301. DEA issued VERSTRAETE registration number ------884 at the business address of 3215 Main Street, Unit 100B, Kansas City, Missouri 64111. VERSTRAETE's DEA registration does not authorize him to import controlled substances of any kind.

VERSTRAETE owned and operated three legal entities at 3215 Main Street, Unit 100B, Kansas City, Missouri 64111. The first was the House of Elan Medical Spa, LLC. The second was the primary medical practice entity, Plaza Physicians Group. The third entity was Mid-America Infectious Disease Consultants, through which VERSTRAETE conducted some of his activities with AIDS patients.

At all times relevant to the charges herein, defendant FRANCISCO SHERMAN ("SHERMAN") served as a member of VERSTRAETE's office staff. Among SHERMAN'S duties, he purchased drugs from overseas sources and made payments for the same utilizing Western Union and/or Moneygram wire transfer services. SHERMAN also sold foreign-sourced drugs to patients over-the-counter, and collected payments for the same.

## Count 2 – Conspiracy to Violate the Food, Drug, and Cosmetics Act (FDCA)

At the behest and direction of defendant VERSTRAETE, a member of his office staff identified a supplier of prescription drugs and controlled substances from foreign countries. Thereafter, multiple members of defendant VERSTRAETE's staff, acting at his direction, placed orders of controlled substances and other prescription drugs over the internet from overseas supplier approximately once a month. Many of these orders were confirmed by electronic mail ("e-mail") communications between VERSTRAETE's office and the overseas suppliers seized by investigators pursuant to a search warrant for computers seized from VERSTRAETE's office.

Packages containing controlled substances and other prescription drugs were shipped from overseas bearing false customs declarations often identifying the contents as "glass objects." Among the substances imported from overseas were Nipertropin, Trenbolone, and Stanoil. These drugs were was misbranded within the meaning of: (1) 21 U.S.C. § 352(f)(1) in that they were drugs whose labeling failed to bear adequate directions for use under 21 C.F.R

2

§ 201.5; and (2) 21 U.S.C. § 353(b)(4)(A) in that they were prescription drugs whose label failed to bear the symbol "Rx only" prior to dispensing. After receiving the misbranded drugs from overseas, VERSTRAETE and members of his office staff (to include defendant SHERMAN) delivered and proffered delivery of the misbranded drugs from foreign countries to patients for payment.  Not only was defendant SHERMAN aware that VERSTRAETE and others were acquiring drugs from overseas, SHERMAN himself placed orders for misbranded drugs from foreign countries.  For example, on January 31, 2013, SHERMAN placed orders via electronic mail to purchase anabolic steroids and Human Growth Hormone from foreign sources, for a total cost of approximately $7,000.00.  SHERMAN and other members of VERSTRAETE'S office staff were instructed not to keep paper records regarding purchases of foreign-sourced drugs.

Defendant acknowledges that while the information set out herein may not allege exact amounts of controlled substances for which he is accountable by virtue of his own conduct and the conduct of co-conspirators reasonably foreseeable to him, he agrees that the amounts alleged herein, along with other evidence in the case, constitute "relevant conduct" and should be included in calculating his advisory sentencing range pursuant to the United States Sentencing Guidelines.

The parties are in agreement that the quantity of Schedule III controlled substances for which defendant SHERMAN is accountable under is virtually impossible to calculate with precision.  However, based upon the known evidence, including statements of cooperating witnesses, documentary evidence, and seizures of physical evidence, the parties agree that based upon his own conduct and the conduct of co-conspirators reasonably foreseeable to him, defendant SHERMAN is accountable for more than 25,000 units of Schedule III anabolic steroids.  When converted to marijuana pursuant to the Drug Equivalency Table, these 25,000 units of anabolic steroids are equivalent to 25 kilograms of marijuana, resulting in an agreed-upon base offense level of 16 pursuant to Section 2D1.1(c)(15). However, they will ultimately be bound by the U.S.S.G. drug level determined by the court at the sentencing hearing.

4. **Use of Factual Admissions and Relevant Conduct.**  The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt, any applicable statutory minimum sentences, and defendant's advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2).  The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of any of the indictments as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

3

**5.   Statutory Penalties.**   The defendant understands that upon pleading guilty to the Count Two of the Indictment as outlined herein, charging a violation of 18 U.S.C. §§ 371 and 545 and 21 U.S.C. § 331(c) and 333(a)(2), Conspiracy to Violate the Food, Drug, and Cosmetics Act, the maximum penalty the Court may impose is 10 years imprisonment and a $250,000.00 fine, with not more than three (3) years of supervised release to follow any term of imprisonment imposed.

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment which must be paid in full *prior* to sentencing in this case.   Failure to *timely* pay said assessment can result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

**6.   Sentencing Procedures.**   The defendant acknowledges, understands and agrees to the following:

a.   in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, and may impose either concurrent sentences or consecutives sentences;

b.   the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c.   in addition to a sentence of imprisonment, the Court shall impose a term of supervised release of not less than three (3) years;

d.   if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release.   In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

e.   the Court may impose any sentence authorized by law, and may impose

4

those sentences concurrently or consecutively, and may impose a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw this guilty plea solely because of the nature or length of any sentence imposed by the Court;

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States agrees, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement and the limitations set out herein. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives any right to challenge the initiation of the dismissed or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the dismissed or additional charges are initiated against defendant following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence, or a

5

conspiracy to commit any such acts of violence. Further, the defendant understands that this agreement does not foreclose prosecution of any criminal activity of which the United States has no knowledge. The defendant understands and agrees that if the Government files additional charges against defendant for one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may only withdraw these pleas of guilty if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting

6

the withdrawal. The defendant understands that if the Court accepts defendant's pleas of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, that will not permit defendant to withdraw these pleas of guilty.

      **10.   Agreed Guidelines Applications.**   With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

> a.   The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range and may impose that sentence concurrently or consecutively;

> b.   As to Count Two, the applicable Guidelines section for the offense of conviction is U.S.S.G. § 2N2.2, which provides for a *not less than* a base offense level 16;

> c.   While the parties recognize there might be specific aggravating or mitigating U.S.S.G. applications applicable to this defendant, the parties elect to address at the sentencing hearing any found by the pre-sentence report or Court and agree to be bound by the Court's determination following the sentencing hearing;

> d.   The defendant appears to have admitted his guilt and accepted responsibility for his actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility;

> e.   There is no agreement between the parties regarding the defendant's criminal history category, including whether said criminal history or lack of criminal history otherwise affects the ultimate guideline or statutory sentence. The parties agree that the Court will determine the applicable criminal history category, and any statutory or guideline sentence increase or decrease as a result thereof, after receipt of the presentence investigation report prepared by the United States Probation Office;

7

f.  The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.  Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty;

g.  The parties agree to seek a sentence within the ultimately determined Guideline range based on any *good faith* sentencing arguments they care to make and that do not violate any other agreements herein.  The sentencing argument agreements by the parties are not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

h.  The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum.  The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the Criminal Information.  The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and,

i.  The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11.  **Effect of Non-Agreement on Guidelines Applications.**  The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections.  As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12.  **Change in Guidelines Prior to Sentencing.**  The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any

8

request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charges in the Criminal Information;

c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against the defendant at trial;

e. the right to compel or subpoena witnesses to appear on defendant's

9

behalf at trial; and

f. the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt *or* denial of a motion to withdraw his guilty pleas following the acceptance of his pleas of guilty pursuant to this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence, which specifically means a sentence imposed in excess of the statutory maximum. A misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence, is *not* an "illegal sentence" and therefore are *not* appealable. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

10

a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$100.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more,

11

the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives any and all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant Will Surrender to Custody at the Plea.** The defendant understands that the crime to which he is pleading in Count 3 of the Criminal Information is a controlled substance offense for which a maximum term of imprisonment of ten years or more is prescribed. Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court shall detain the defendant after he pleads guilty to the offense. The defendant hereby agrees not to contest his detention immediately after the guilty plea, to surrender to the custody of the U.S. Marshals at that time, and to make no attempts to be released from custody pending sentencing or transfer to the Bureau of Prisons following sentencing.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the

12

defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, all statements made by the defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any and all rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorney or any other party to induce him to enter this plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written

13

supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

     **23.**   **Standard of Interpretation.**   The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.   The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

JEFFERSON SESSIONS
United States Attorney General

/s/ Sirena Miller Wissler
Sirena Miller Wissler
Special Atty to the United States Attorney General

Dated: 3/ 12, 2018

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 3/12 , 2018

                         /s/
                         FRANCISCO A. SHERMAN
                         Defendant

I am the attorney for defendant FRANCISCO A. SHERMAN, and I have fully explained to him all his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines and any statutory minimum sentences which might apply in this case. I have carefully reviewed every part of this plea

14

agreement with the defendant. To my knowledge and belief, the decision by FRANCISCO A. SHERMAN to enter into this plea agreement is an informed and voluntary one.

Dated: _____, 2018        /s/ _____
                                   DAVID H. JOHNSON
                                   Attorney for Defendant

15